# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| PETER A. ZAMPERINI, | ) | |
| | ) | Case No. CV07-80-S-EJL |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| SAFECO INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to 28 U.S.C. § 1441, the Defendant recently removed this action from state court and invoked this Court's jurisdiction on diversity grounds under 28 U.S.C. § 1332. The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). Any doubt as to the right of removal is resolved in favor of remand.[1] Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

---

[1] This Court must *sua sponte* review all removed actions to confirm that federal jurisdiction is proper. Sparta Surgical Corp. v. Nat'l Ass'n. Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir.1998) ( "If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it . . . ."); Snell v. Cleveland, Inc., 316 F.3d 822, 824, 826 (9th Cir. 2002) (explaining that a "court may raise the question of subject matter jurisdiction, *sua sponte*, at any time").

**Order -- Page 1**

Where, as here, the complaint filed in state court does not specify damages in excess of the required federal jurisdictional limit, "it is not facially evident from the complaint that the controversy involves more than $75,000." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1091 (9th Cir. 2003); Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004). Accordingly, the removing defendant must set forth "in the removal petition itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds [$75,000]." Gaus, 980 F.2d at 567 (emphasis in original); see also Wilson v. Union Security Life Ins. Co., 250 F. Supp. 2d 1260, 1261-63 (D. Idaho 2003).

In this instance, the Defendant has failed to make the necessary showing. In the Notice of Removal, the Defendant alleges "that the matter in controversy exceeds the sum of $75,000.00, exlusive of interest and costs." (Notice of Removal at 2). Defendant, however, "offered no facts whatsoever to support the court's exercise of jurisdiction." Gaus, 980 F.2d at 567. The mere allegation of a jurisdictional minimum "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [Defendant's] burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds $[75,000]." Id.; see also Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 n.5 (9th Cir. 1996).

Specifically, if the Defendant intends to rely on the underlying claims set forth in the Plaintiff's Complaint, "it must provide evidence that would permit a reasoned calculation of those damages." Wilson, 250 F. Supp. 2d at 1265 (collecting cases). Similarly, if Defendant intends to rely on the fact that Plaintiff seeks attorney's fees, it "must do more than merely point to Plaintiffs' request for attorney's fees; upon removal it must demonstrate the probable amount of attorney's fees in this

**Order -- Page 2**

case."[2] Id. at 1264 (collecting cases). "Of course, the Defendant also can submit other evidence that may demonstrate the amount in controversy," id. at 1265, but Defendant has not done so in the Notice of Removal.

Because removal jurisdiction "cannot be based simply upon conclusory allegations," this case will be remanded to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. See Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376-77 (9th Cir. 1997) (explaining that "where the plaintiff does not claim damages in excess of $[75,000] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds $[75,000], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied").

**ORDER**

Based on the foregoing, and being fully advised in the premises, **IT IS HEREBY ORDERED** that the above-entitled action is remanded to the district court of the Fourth Judicial District of the State of Idaho, In and For the County of Ada, No. CV OC-0701172; and the Clerk shall mail a certified copy of this Order to the Clerk of the aforesaid Idaho state court.

DATED: **March 6, 2007**



~~Honorable~~ Edward J. Lodge
U. S. District Judge

---

[2]     Of course, even if supported by a factual showing, attorney's fees may be considered only "[w]hen an underlying statute authorizes an award of attorney's fee." Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998).

**Order -- Page 3**